UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22372-CV-ALTONAGA
MAGISTRATE JUDGE REID

MARCUS J. HARRIS,

        Petitioner,

v.

STATE OF FLORIDA,

        Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. [ECF No. 1] His petition attacks his revocation of probation in Case No. F06-004653-C, in the Eleventh Judicial Circuit of Florida, Miami-Dade County. As discussed below, the petition should be DISMISSED as legally insufficient.

### I.    Background

Petitioner alleges that, on April 23, 2018, he was "convicted and sentenced for [a] Violation of Probation in [the above] case." [ECF No. 1 at 1]. Petitioner alleges that "he is . . . be[ing] held in violation of the Constitution of the United States" for the following reasons. [*Id.* at 2]. The first ground is that he is allegedly "entitled to [] previous credit of 1,978 days to be applied to his current sentence of 5 years . . . for a probation violation." [*Id.*] He does not elaborate. [*Id.*] The second ground is that the state courts incorrectly determined that he "waived his right to all previous credit," although Petitioner claims he did not. [*Id.* at 3]. The third ground is that the Third District Court of Appeals apparently denied a writ of mandamus "to compel the Honorable Milton Hirsch, Circuit Court, to produce documentation from the proceedings to show that Petitioner waived any

previous credit and prove [that] the judge [was] just in denying said credit." [*Id.* at 4]. He does not elaborate. [*Id.*]

For relief, petitioner asks the court to "Reverse and Remand" adverse state court "opinions and rulings" and enter an order directing state courts to show cause "why relief should not be granted in [terms of his] request for credit." [*Id.* at 7].

## II.     Standard for Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . , the judge must dismiss the petition." "This preliminary review calls on a district court to perform a screening function, ordering summary dismissal where a petition makes no meritorious claim to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]") (citation omitted)). "Both a procedural bar and a merits-based deficiency could lead a district court to conclude that petitioner is 'not entitled to relief.'" *Paez*, 947 F.3d at 654. In reviewing a motion under Rule 4, courts must construe it liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (per curiam) (citation omitted).

## III.     Discussion

Petitioner's claims are not cognizable under § 2254. "Federal habeas relief is available to correct only those injuries resulting from violations of the Constitution or laws or treaties of the United States." *Erickson v. Sec'y for Dep't of Corr.*, 243 F. App'x 524, 526 (11th Cir. 2007) (per curiam) (citing 28 U.S.C. § 2254(a)). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citation and internal quotation marks omitted).

Thus, federal habeas relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *Jameson v. Sec'y for Dep't of Corr.,* (citing *Estelle*, 502 U.S. at 67). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in [federal] terms." *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam) (citation and internal quotation marks omitted).

Here, petitioner challenges the state courts' failure to award him jail credit when convicting him of a probation violation. This is a state-law issue for which federal habeas relief is unavailable. *See Griffin v. Florida*, No. 5:08CV201/RS-MD, 2009 WL 691327, at *5 (N.D. Fla. Mar. 13, 2009) ("As a general rule, there is no federal constitutional right to credit for presentence confinement . . .") (citations omitted)); *see also White v. Tucker*, No. 4:11CV173-MP/CAS, 2012 WL 6195089, at *6 (N.D. Fla. Oct. 18, 2012), *report and recommendation adopted*, No. 4:11-CV-00173-MP-CAS, 2012 WL 6193244 (N.D. Fla. Dec. 12, 2012) ("[T]o the extent Petitioner is alleging that the trial court improperly applied the Florida jail credit statute, . . . such a claim is not reviewable in a federal habeas corpus proceeding because it presents a question of purely state law."); *Culp*, 2011 WL 2149613, at *2. Petitioner's conclusory allegation that his grounds for relief violate the U.S. Constitution is insufficient to show otherwise. *See Booth*, 861 F.2d at 1508; *see also United States v. Jordan*, 915 F.2d 622, 624 (11th Cir. 1990) ("Federal courts have . . . have an obligation to look behind the label of a motion filed by a *pro se* inmate . . . .").

Furthermore, even if the petition presented cognizable federal grounds, it would still be insufficient because it lacks adequate factual support. *See* [ECF No. 1 at 1-4]; *see also Scott*, 512 U.S. at 856 ("Habeas corpus petitions must meet heightened pleading requirements.") (citing Rule 2(c), Rules Governing § 2254 Cases)).

3

Additionally, petitioner appears to seek an injunction compelling the Florida courts to comply with their own law, which may raise federalism concerns. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.").

### IV.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2254 Cases.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, a certificate of appealability should be denied.

### V.     Conclusion

As discussed above, it is recommended that the petition [ECF No. 1] be DISMISSED as legally insufficient. It is further recommended that the case be CLOSED.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from

attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 13th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Marcus J. Harris
     B07128
     Calhoun Correctional Institution
     Inmate Mail/Parcels
     19562 SE Institution Drive
     Blountstown, FL 32424
     PRO SE

     Noticing 2254 SAG Miami-Dade/Monroe
     Email: CrimAppMIA@MyFloridaLegal.com