## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-22372-CIV-ALTONAGA/Reid

**MARCUS J. HARRIS**,

      Petitioner,

v.

**STATE OF FLORIDA**,

      Respondent.

_____/

### <u>ORDER</u>

**THIS CAUSE** came before the Court *sua sponte*.  On June 9, 2020, Petitioner, Marcus J. Harris, filed a Petition Under 28 U.S.C. [Section] 2254 for Writ of Habeas Corpus by a Person in State Custody Pursuant to a State Court Judgment [ECF No. 1].  The Clerk referred the case to Magistrate Judge Lisette M. Reid for a report and recommendation on any dispositive matters. (*See* Notice [ECF No. 2]).  On October 23, 2020, Magistrate Judge Lisette M. Reid entered a Report of Magistrate Judge ("Report") [ECF No. 3], recommending the Petition be dismissed as legally insufficient and no certificate of appealability issue.  (*See generally* Report).

When a magistrate judge's "disposition" has been objected to, district courts must review the disposition *de novo*.  Fed. R. Civ. P. 72(b)(3).  When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted).  Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[]

CASE NO.  20-22372-CIV-ALTONAGA/Reid

[judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (emphasis in original; alterations added)).

The Report advised Petitioner he had 14 days to file an objection.  (*See* Report 4–5).  To date, Petitioner has not filed an objection.  The Court therefore reviews the Report for clear error.

In his Petition, Petitioner claims he is being "held in violation of the Constitution of the United States."  (Pet. 2).  Petitioner alleges three claims for relief: (1) he is "entitled to [] previous credit of 1,978 days to be applied to his current sentence of 5 years . . . for a probation violation[]" (*id.* (alterations added)); (2) the state court incorrectly determined he "waived his right to all previous credit" (*id.* 3); and (3) Florida's Third District Court of Appeal improperly denied his petition for writ of mandamus "to compel [the trial court judge] . . . to produce documentation from the proceedings that show Petitioner waived any previous credit in this case" (*id.* 4 (alterations added)).  Petitioner asks the Court to "[r]everse and [r]emand" the state trial court and Third District Court of Appeal's opinions and rulings.  (*Id.* 7 (alterations added)).

In a thorough and well-reasoned Report, Magistrate Judge Reid concludes "Petitioner's claims are not cognizable under [section] 2254[,]" and even if the Petition did raise cognizable federal claims, Petitioner's allegations "lack[] adequate factual support."  (Report 2–3 (alterations added)).  The Court agrees.

Petitioner challenges the state courts' failure to award him jail credit when convicting him of a probation violation.  (*See* Pet. 2–4; Report 3).  Petitioner's claims are not cognizable under section 2254.  *See Griffin v. Florida*, No. 5:08-cv-201, 2009 WL 691327, at *6 (N.D. Fla. Mar. 13, 2009) ("A state decision . . . that affects only the sentencing rights of prisoners under state law is of no consequence in relation to a federal habeas corpus application." (alteration added)); *McDaniel v. Sec'y, Dep't of Corr.*, No. 8:11-cv-1395, 2011 WL 6258461, at *3 (M.D. Fla. Dec.

CASE NO.  20-22372-CIV-ALTONAGA/Reid

13, 2011) ("To the extent [the petitioner] is alleging that the state trial court improperly applied Florida's crediting statute, . . . the claim presents a matter of state law for which federal habeas corpus relief does not lie." (alterations added; collecting cases)).  As the Report correctly notes, Petitioner's conclusory allegation he is being held in violation of the U.S. Constitution does not dictate a different result.  (*See* Report 3).

The Court also agrees that "even if the [P]etition presented cognizable federal grounds, it would still be insufficient because it lacks adequate factual support."  (*Id.* (alteration added)). Petitioner's allegations directed toward a constitutional violation resulting from a purported waived time credit are too conclusory and lacking in factual support to establish a basis for federal habeas relief.  (*See* Pet. 2–4; Report 3).  Further, Petitioner's requested relief — to "[r]everse and [r]emand" the state trial court and Third District Court of Appeal (Pet. 7 (alterations added)) — is without merit.  (*See* Report 4 (stating Petitioner "appears to seek an injunction compelling the Florida courts to comply with their own law, which [] raise[s] federalism concerns. (alterations added))).

The undersigned has reviewed the Report, record, and applicable law to assure herself that no clear error appears on the face of the record.  In the light of that review, the undersigned agrees with Judge Reid's analysis and recommendations.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 3]** is **ACCEPTED AND ADOPTED**.  Petitioner, Marcus J. Harris's Petition Under 28 U.S.C. [Section] 2254 for Writ of Habeas Corpus by a Person in State Custody Pursuant to a State Court Judgment **[ECF No. 1]** is **DISMISSED**.  A certificate of appealability shall not issue.  Final judgment will issue by separate order.  The Clerk of Court is directed to **CLOSE** this case.

CASE NO.  20-22372-CIV-ALTONAGA/Reid

**DONE AND ORDERED** in Miami, Florida, this 29th day of October, 2020.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    Magistrate Judge Lisette M. Reid;
       Petitioner, Marcus J. Harris, *pro se*;